**Jeanette HUDSON, Appellant,**

v.

**John L. WHITESIDE, Defendant Ad Litem for Verne Frank Walters, Respondent.**

**No. WD 54124.**

Missouri Court of Appeals, Western District.

April 7, 1998.

Rehearing Denied June 2, 1998.

Danieal Miller, Columbia, for Appellant.

Clarence Hawk, Osage Beach, for Respondent.

SPINDEN, Judge.

Jeanette Hudson was injured in a 1989 automobile collision in Camden County. She sued her husband, William Hudson, for negligently driving the car in which she was riding, and she sued the driver of the other car, Verne Frank Walters.[1] During the trial, the circuit court refused to admit into evidence hospital and doctor bills which Hudson incurred in seeking treatment for pain she suffered after the accident. This was revers-

---

**1.** Walters died before trial. The circuit court ordered that John L. Whiteside act as defendant *ad litem* in representation of Walters.

ible error; therefore, we reverse the circuit court's judgment and remand for a new trial.

The collision occurred on August 19, 1989, on Mo. 5. Initial medical examinations indicated that Hudson was not injured in the crash. A year later, she had neck and shoulder pain, and William Irvin, a medical doctor, diagnosed her condition as sore muscles resulting from the collision. He ended his treatment in July 1991 and charged Hudson $3457.95 for it.

About 17 months later, Hudson continued to have pain and sought treatment from a surgeon, Gregory Ivins. In 1993, Ivins performed two nerve operations on her. When Hudson's shoulder "froze" after the second surgery, Ivins performed a third operation to "free up" her shoulder.

On August 12, 1994, Hudson sued her husband and Walters. Before trial, Hudson dismissed her claims against her husband. After trial in January 1997, a jury returned a $3500 verdict for Hudson, and the circuit court entered judgment in accord with the jury's verdict. Hudson appeals.[2]

Hudson contends that the circuit court misconstrued the law in sustaining Whiteside's objection to hospital and doctor bills incurred in conjunction with Ivins' surgeries. One of the bills was for services rendered by the Callaway Community Hospital in conjunction with Ivins' surgeries. The other was Ivins' bill for services. The circuit court sustained Whiteside's objection to admitting the bills into evidence that Hudson did not present any evidence establishing that Ivins' surgeries were "necessary" in treating Hudson's injuries from the accident. We disagree.

Ivins testified that Hudson consulted him on December 3, 1992, about a persistent problem with neck, back, and shoulder pain originating with the 1989 collision. He testified that the amount of the bills was reasonable when compared with what other hospitals and doctors in the area charge. Hudson and her husband testified that Hudson consulted Ivins because her pain stemming from

the collision had become worse and more restricting of her activities.

This was sufficient for the circuit court to submit the issue to the jury. Although Hudson did not specifically use the term "necessary" in asking Ivins why he treated her, that he deemed his treatment to be necessary was a reasonable inference from his testimony. The Supreme Court has declared that proof of necessity of treatment may be made by inference from the circumstances. *Haswell v. Liberty Mutual Insurance Company*, 557 S.W.2d 628, 637 (Mo. banc 1977) (overruled on other grounds, *Sanders v. Daniel International Corp.*, 682 S.W.2d 803 (Mo. banc 1984)). The reasonable inference drawn from Hudson's evidence was that Ivins' treatment was necessary for her persistent pain resulting from the 1989 collision.

Of course, Whiteside remained free to dispute the necessity of Ivins' treatment by evidence, by argument, or by both. He made much of the experimental nature of Ivins' surgery and the need for the third surgery to correct problems created by the previous surgeries. These, however, were issues for the jury to consider. Moreover, we stated long ago that, if the defendant created the necessity for employing a physician by his or her wrongdoing, he or she is liable for the negligence of a physician who treats the plaintiff where the negligent treatment aggravates the plaintiff's injuries. *State ex rel. Blond v. Stubbs*, 485 S.W.2d 152, 154 (Mo.App.1972).

Omission of the bills thwarted the jury's complete consideration of Hudson's case, and the circuit court erred in prohibiting Hudson from submitting them. We, therefore, remand the case to the circuit court for a new trial.

BRECKENRIDGE, P.J., and LOWENSTEIN, J., concur.

---

**2.** She raises three points: the circuit court erred by (1) excluding medical bills; (2) refusing Hudson's withdrawal instruction concerning the jury's right to consider her accusations of negligence against her husband; and (3) overruling her motion for additur in which she contended that the jury was biased and prejudiced against her. Because the first issue is dispositive, we do not address the other two.